**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JO ANN LIBERTO,** | * | |
| *Plaintiff,* | * | |
| **v.** | * | **Case No. 1:23-cv-01676-JMC** |
| **SHOPPERS FOOD WAREHOUSE CORP.,** | * | |
| *Defendant.* | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jo Ann Liberto, filed this negligence case on May 23, 2023, alleging that Defendant, Shoppers Food Warehouse Corp., caused Plaintiff to suffer injuries when she slipped and fell shopping in a freezer isle within Defendant's business. (ECF No. 2). Plaintiff originally filed this lawsuit in the Circuit Court for Baltimore City, Maryland, before Defendant removed the case to this Court on June 21, 2023. (ECF No. 1). The Court then granted Defendant leave to file a third party complaint against Precision Mechanical Contract, LLC ("Precision") on the basis that Precision is supposedly liable for Plaintiff's alleged injuries because its maintenance staff caused the incident yet Precision failed to indemnify Defendant. *See* (ECF Nos. 17, 18). After Precision answered the third party complaint (ECF No. 22), the Court issued a new scheduling order setting various deadlines in this case, including those regarding discovery and dispositive motions. (ECF Nos. 25, 26, 27, 28).

On April 10, 2024, Plaintiff's counsel filed a Motion to Withdraw as Counsel, asserting that Plaintiff repeatedly failed to respond to communications from her counsel regarding her case

and those upcoming deadlines.  (ECF No. 29 at 1).[1] The motion further represented that Plaintiff finally responded to counsel's communications on January 29, 2023, when "it was expressed to her that she needed to participate in her case and come into the office to complete her discovery and produce her medical records." *Id.* Plaintiff agreed to oblige, but then "failed to come to the office and again did not answer or return phone calls from counsel's office" over the coming weeks. *Id.* Plaintiff's counsel subsequently mailed a letter to Plaintiff "requir[ing] her to contact the office by April 5, 2023, or counsel would have to withdraw" and made "a few additional calls" to Plaintiff in an effort to contact her regarding her case. *Id.* at 2.

The Court granted Plaintiff's counsel's motion via Memorandum Opinion and Order on April 29, 2024, after concluding that counsel's efforts and motion complied with the applicable Local Rules. *See* (ECF No. 30); Loc. R. 102.2(a).  A physical copy of that Memorandum Opinion and Order and letter were mailed to Plaintiff, which notified Plaintiff that she would be proceeding without counsel unless and until new counsel entered an appearance thereafter.  (ECF Nos. 30, 31). There is no indication that the mail was returned as undeliverable or otherwise failed to reach Plaintiff at her address of record.

Defendant filed a stipulation of dismissal regarding its claims against Precision on May 9, 2024, which the Court granted via Paperless Order that same day.  (ECF Nos. 32, 33).  Presently before the Court is Defendant's Motion to Dismiss for Lack of Prosecution filed on June 24, 2024. (ECF No. 34).  A letter was mailed to Plaintiff the following day on June 25, 2024, specifically notifying Plaintiff of the deadline by which she could respond in opposition to Defendant's motion. *See* (ECF No. 35).  Plaintiff has not responded to Defendant's motion and the time to do so has now passed. *See* (ECF No. 35).  The motion is therefore unopposed.  For the foregoing reasons,

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document

Defendant's motion will be granted without the need for a hearing. *See* Loc. R. 105.6 (D. Md. 2023).

Pursuant to Federal Rule of Civil Procedure 41(b), whether on motion of a party or *sua sponte*, the court may involuntarily dismiss an action for failure to prosecute or comply with applicable Federal Rules of Civil Procedure and court orders. *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)); Fed. R. Civ. P. 41(b). The United States Supreme Court has clarified that, although Rule 41 expressly articulates the Court's power to dismiss as a sanction for failure to prosecute or to comply, the Rule is not the source of that power. Instead, "the power is of ancient origin." *Link*, 370 U.S. at 629–30; *Attkisson*, 925 F.3d at 625 (citing *Link* for this purpose). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 630.

That said, in  recognition of the severity of dismissal as a sanction, the Fourth Circuit has identified four criteria that guide a district court's discretion in dismissing a case under Rule 41(b). Such an exercise should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990). Those criteria, however, "are not a rigid four-prong test." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Rather, "the propriety" of an involuntary dismissal ultimately depends on "the facts of each case," which the Fourth Circuit reviews to determine "whether the trial court exercised sound discretion." *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974); *see also Link*, 370 U.S. at 633.

Here, the unopposed arguments articulated in Defendant's motion and the procedural history of this case satisfy this criteria.  First, Plaintiff's is solely responsible for her repeated failures to participate in this case.  There is no indication in the record that Plaintiff has any compelling justification or circumstance beyond her control precluding her from meaningfully participating in this case.  Nor did she set forth any such argument in opposition to the present motion.

Plaintiff's failure to participate in this case has also prejudiced Defendant by hindering the parties' ability to proceed with next steps in this case, such as completing discovery.  *See* (ECF No. 34-2.  Regarding the third consideration above, Plaintiff's conduct highlights a "drawn out history of deliberately proceeding in a dilatory fashion" given that Plaintiff has been almost entirely uresponsive since at least January 2024.  *Hillig*, 916 F.2d at 174.  Further, dismissal is the most appropriate sanction because there is no indication that Plaintiff intends to begin meaningfully participating in her case moving forward as evidenced by her lack of communication with all parties involved and failure to oppose the present motion.  In short, the Court sees no reason—nor is presented with one from Plaintiff—to allow this case to consume additional litigant and judicial resources where Plaintiff has seemingly abandoned her claim.

Accordingly, it is this 12th day of August, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that Defendant's Motion to Dismiss for Lack of Prosecution (ECF No. 34) is GRANTED.  The Clerk of the Court is asked to close this case.

Dated:  August 12, 2024                    _____/s/_____
                                           J. Mark Coulson
                                           United States Magistrate Judge